## * * § 362 INFORMATION SHEET * *

| James J. Lee and Kelly Lee | 13-11850-mkn | |
|---|---|---|
| DEBTOR | Case No: | MOTION #: |

The Bank of New York Mellon, FKA the Bank of New York as
Trustee for the Certificateholders CWABS, Inc., Asset-Backed
Certificates, Series 2004-13 and its servicer, Carrington

| Mortgage Services, LLC | 13 | |
|---|---|---|
| MOVANT | CHAPTER: | |

**_Certification of Attempt to Resolve the Matter Without Court Action:_**

_Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so._

_Date:_   April 8, 2022                 _Signature:_     /s/ Ramir M. Hernandez

Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION:   8621 Mirada Del Sol Drive, Las Vegas, Nevada 89128

NOTICE SERVED ON:        Debtor(s) ⊠ ;          Debtor's counsel ⊠ ;                    Trustee ⊠ ;

DATE OF SERVICE:   4/8/2022

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st      n/a | 1st |
| 2nd      n/a | 2nd |
| 3rd      n/a | 3rd |
| 4th      n/a | 4th |
| Other      n/a | Other |
| Total Encumbrances      n/a | Total Encumbrances |
| APPRAISAL of OPINION as to VALUE: n/a | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note:   n/a | |
| Interest Rate:    n/a | |
| Duration:  n/a | |
| Payment per Month:   n/a | |
| Date of Default:   n/a | |
| Amount in Arrears:    n/a | |
| Date of Notice of Default:   05/23/2019 | |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| Debtors obtained a stay in a state court action by alleging a bankruptcy stay is in place. Movant seeks an order confirming there is no stay in effect because the case is dismissed. | |
| Submitted by:     Ramir M. Hernandez, Esq. | Submitted by: |
| Signature:     /s/ Ramir M. Hernandez, Esq. | Signature: |

WRIGHT, FINLAY & ZAK, LLP
Arnold L. Graff, Esq.
Nevada Bar No. 13343
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
rhernandez@wrightlegal.net
*Attorney for Secured Creditor, The Bank of New York Mellon, FKA the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2004-13 and its servicer, Carrington Mortgage Services, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JAMES J. LEE AND KELLY LEE,<br><br>          Debtors. | Case No.: 13-11850-mkn<br>Chapter:   13<br><br>**MOTION TO CONFIRM THERE IS NO AUTOMATIC STAY IN EFFECT, OR IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY**<br><br> Hearing Date: May 11, 2022<br> Hearing Time: 1:30 P.M. |

Secured Creditor, The Bank of New York Mellon, FKA the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2004-13 ("BONY Mellon Trust") and its servicer, Carrington Mortgage Services, LLC ("Carrington," and collectively with BONY Mellon Trust, "Secured Creditor"), by and through their counsel of record, Ramir M. Hernandez, Esq. of Wright, Finlay & Zak, LLP, hereby moves this Court pursuant to 11 U.S.C. § 362, to Confirm there is No Automatic Stay in Effect, or in the alternative, for Relief from the Automatic Stay, as it applies to certain real property located at 8621 Mirada Del Sol Drive, Las Vegas, Nevada 89128 and pending litigation in state court regarding said real property.

/././

/././

/././

This Motion is based upon the attached Memorandum of Points and Authorities, the 362 Information Sheet, and all documents filed in support of the Motion.

DATED this 8th day of April, 2022.

WRIGHT, FINLAY & ZAK, LLP

/s/ Ramir M. Hernandez, Esq.
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117
*Attorney for Secured Creditor, The Bank of New York Mellon, FKA the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2004-13 and its servicer, Carrington Mortgage Services, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTORY STATEMENT

Secured Creditor requests the Court confirm there is no automatic stay in effect because the instant bankruptcy case was recently reopened for the sole purpose of allowing Debtors, James J. Lee and Kelly Lee (collectively "Debtors" or "Lees"), to proceed with their adversary complaint against Movants and other defendants.  The reopening of the bankruptcy is nothing more than blatant forum shopping to avoid an adverse ruling in a pending state court matter. Mere days before a hearing on a Motion for Summary Judgment in the state court matter, Debtors filed their adversary proceeding on the exact same claims as those set forth in the state court case.  In both cases, Debtors claim that an order disallowing proof of claim in one of the Debtors' prior bankruptcies forever bars Secured Creditor from having standing to foreclose.

Secured Creditor seeks a court order confirming there is no stay in effect because: (1) this bankruptcy case was dismissed for Debtors' failure to comply with a court order, and Debtors have provided no legal authority for their contention that simply reopening the case (to file a baseless adversary proceeding) reimposes the stay, and (2) even if there were a stay reimposed, it would not apply to the state court action because it was initiated by the Debtors.  And even assuming arguendo there is a stay in effect that prevents the pending state court action from proceeding, cause exists to terminate the stay in this case under 362(d)(1) because Debtors reopened it in bad faith.

As will be demonstrated below, the reopening of this case and the filing of the adversary action were improper (and done in bad faith) for the following reasons: (1) the adversary proceeding is based on a faulty interpretation of the bankruptcy code because a disallowance of the proof of claim affects only treatment in plan, not the validity of the claim; and (2) the basis for this Court's prior disallowance of claim is no longer applicable.

For these reasons, the Court should hold that there is no stay in place, or, in the alternative, grant relief from stay to allow the state court case to proceed.[1]

---

[1] Secured Creditor intends to file a Motion to Dismiss in the Adversary Proceeding concurrently with this Motion.

## II. STATEMENT OF FACTS

**The Secured Debt**

1. On November 15, 2004, Debtors made, executed, and delivered a Note promising to pay the originating lender Sterling National Mortgage Inc. ("Sterling"), the sum of $435,000.00, plus interest.[2]

2. To secure the Note, on November 15, 2004, Debtors executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, solely as a nominee for Lender and its successors and assigns (the "Deed of Trust", together with the Note is referred to herein as the "Loan"), encumbering the Property. [3]

3. On March 10, 2010, MERS assigned the Deed of Trust to BONY Mellon Trust via a Corporation Assignment of Deed of Trust Nevada. [4]

**The First Bankruptcy Filing**

4. On July 24, 2008, Debtors filed a prior voluntary Petition for Relief under Chapter 13 of the bankruptcy code with the United States Bankruptcy Court for the District of Nevada. The petition was assigned case number 08-18160-lbr ("First Bankruptcy Case").[5]

5. On August 7, 2009, the Court entered an Order Dismissing Case for Failure to Make Plan Payments and Denial of Confirmation.[6]

**The Second Bankruptcy Filing**

6. On October 7, 2009, Debtors filed a second prior voluntary Petition for Relief under Chapter 13 of the bankruptcy code with the United States Bankruptcy Court for the District of Nevada. The petition was assigned case number 09-28899-bam (the "Second Bankruptcy Case").[7]

---

[2] A true and correct copy of the Note is attached hereto as **Exhibit A**.

[3] A true and correct copy of the Deed of Trust, recorded as instrument no. 20041228-0005449 in the Recorder's Office, Clark County, is attached hereto as **Exhibit B**.

[4] A true and correct copy of the Corporation Assignment of Deed of Trust Nevada, recorded as instrument no. 201003100003244 in the Recorder's Office, Clark County, is attached hereto as **Exhibit C**.

[5] ECF 1 in the First Bankruptcy Case.

[6] ECF 88 in the First Bankruptcy Case.

[7] ECF 1 in the Second Bankruptcy Case.

7. The Second Bankruptcy Case was converted to Chapter 7 on January 15, 2010, and Debtors received a Chapter 7 discharge on September 16, 2010.[8]

**The First Notice of Default and Rescission**

8. On March 4, 2010, MERS, through its Trustee, Recontrust Company, N.A., recorded a Notice of Default/Election to Sell Under Deed of Trust ("First Notice of Default").[9]

9. The First Notice of Default was then rescinded on March 15, 2010, via a Rescission of Election to Declare Default Nevada ("First Rescission Notice").[10]

**The Second Notice of Default and Rescission**

10. On September 30, 2010, BONY Mellon Trust, through its Trustee, Recontrust recorded a Second Notice of Default/Election to Sell Under Deed of Trust ("Second Notice of Default").[11]

**The Third Bankruptcy Filing.**

11. On June 3, 2011, Debtors filed a third prior voluntary Petition for Relief under Chapter 13 of the bankruptcy code with the United States Bankruptcy Court for the District of Nevada. The petition was assigned case number 11-18772-bam (the "Third Bankruptcy Case").[12]

12. On September 3, 2011, BONY Mellon Trust filed a Proof of Claim in the Third Bankruptcy. This Proof of Claim did not include an allonge.[13]

13. Debtors objected to BONY Mellon Trust's Proof of Claim because of alleged defects in the chain of endorsements of the Note and assignments of the Deed of Trust.[14]

---

[8] ECF 105 in the Second Bankruptcy Case.

[9] A true and correct copy of the Notice of Default/Election to Sell Under Deed of Trust, recorded as instrument no. 201303040003967 in the Recorder's Office, Clark County, is attached hereto as **Exhibit D**.

[10] A true and correct copy of the Rescission of Election to Declare Default Nevada, recorded as instrument no. 201003150002619 in the Recorder's Office, Clark County, is attached hereto as **Exhibit E**.

[11] A true and correct copy of the Notice of Default/Election to Sell Under Deed of Trust, recorded as instrument no. 201009300001216 in the Recorder's Office, Clark County, is attached hereto as **Exhibit F**.

[12] ECF 1 in the Third Bankruptcy Case.

[13] Claim 1-1 in the Third Bankruptcy Case.

[14] ECF No. 48 in the Third Bankruptcy Case.

14. In its List of Exhibits and Witnesses for the evidentiary hearing on the Objection to the Proof of Claim, BONY Mellon Trust provided an allonge to the Note endorsed from Sterling to Countrywide Home Loans, Inc. and then endorsed in blank from Countrywide ("First Allonge").[15]

15. After an evidentiary hearing held on June 18, 2012, the bankruptcy court entered an Order Sustaining Debtors' Objection to Proof of Claim and Disallowing Claim based on a deficiency in the allonge ("Order Disallowing Claim").[16]

16. The Order Disallowing Claim did not set forth the reasons for the disallowance of claim, but this Court did in its oral ruling after the evidentiary hearing.[17] Specifically, this Court held:

- "I'm going to hold that the creditor has not established standing. By way of inference, I think that is a disposition not on the merits. That is, to say I'm not saying that the note is invalid. I'm simply saying this creditor has not established that it has standing with respect to the note that it has put forward."[18]

- "We have the allonge which has been admitted as Exhibit 9 to this case. But the fact of the matter is it's uncontested that that wasn't produced until the objection to claim proceedings came out."[19]

- "Second, I've examined the note and I have examined the allonge or the purported allonge. There's no perforation with respect to the indentations. Therefore, I can't conclude that it was ever affixed by staple . . . I specifically find that this endorsement was never attached in the manner anticipated by 3204 of the Nevada Revised Statute."[20]

- "What we have is an assignment to Sterling, probably an assignment from -- from Sterling to Countrywide Document, from Countrywide Document to Countrywide Home Loans. But I don't have any evidence from Countrywide Home Loans, whoever that may

---

[15] ECF 81-2 at 6 in the Third Bankruptcy Case.
[16] ECF No. 107 in the Third Bankruptcy Case.
[17] A true and correct copy of the hearing transcript is included hereto as **Exhibit G**.
[18] *Id.* at 86:13-18.
[19] *Id.* at 87:2-5.

be. I don't have evidence as to either of those, those two entities, to the current creditor here. I only have possession. I have the document rights, but those are insufficient, in my mind, to indicate an intent to transfer the right to another person without any further action, that being the critical part of the restatement second of contracts."[21]

- "That's further buttressed and also shown by the frailties and weaknesses of the third theory, which is the assignment of the mortgage. The assignment of the mortgage is Exhibit 10. That's something signed by Mortgage Electronic Registration Systems, Inc . . . . I have no evidence as to MERS's interest in this, as to who they were or what they are in terms of their relationship to Countrywide. It's simply not shown on the record because the original deed of trust deemed to MERS doesn't mention Countrywide."[22]

17.    BONY Mellon Trust then filed an Amended Proof of Claim on September 26, 2012, which included a new allonge from Sterling endorsed in blank ("Second Allonge").[23]

18.    The Third Bankruptcy Case was dismissed on January 9, 2013, following the entry of an Order on Chapter 13 Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 109(h) and prior to the adjudication of the Amended Proof of Claim.[24]

**The Fourth Bankruptcy Filing.**

19.    On March 7, 2013, Debtors filed this fourth and instant voluntary Petition for Relief under Chapter 13 of the bankruptcy code with the United States Bankruptcy Court for the District of Nevada. The petition was assigned case number 13-11850-mkn (the "Fourth Bankruptcy Case").[25]

20.    BONY Mellon Trust then filed a Proof of Claim on April 9, 2013, which included the First Allonge.[26]

---

[20] *Id.* at 87:6-9, 18-20.
[21] *Id.* at 90:8-17.
[22] *Id.* at 91:9-13, 20-24.
[23] Claim 1-2 in the Third Bankruptcy Case.
[24] ECF 138 in the Third Bankruptcy Case.
[25] ECF 1 in the Fourth Bankruptcy Case.
[26] Claim 1-1 in the Fourth Bankruptcy Case.

21. This Fourth Bankruptcy Case was dismissed on May 23, 2018, following the entry of an Order on Chapter 13 Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 1307(c)(1) and prior to any adjudication of the Proof of Claim.[27]

**The Third Notice of Default**

14. On May 23, 2019, BONY Mellon Trust, through its Trustee, Reconstruct, recorded a third Notice of Default and Election to Sell Under Deed of Trust ("Third Notice of Default").[28]

15. On February 3, 2021, Home Means Nevada recorded a Foreclosure Mediation Certificate against the Property.[29]

16. On February 5, 2021, BONY Mellon Trust, through the trustee, National Default Servicing Corporation, recorded a Notice of Trustee's Sale, against the Property.[30]

**The State Court Litigation and Reopening of the Fourth Bankruptcy Case.**

17. Debtors commenced an action against Movants in the Eighth Judicial District Court of the State of Nevada on January 22, 2021, captioned as James J. Lee and Kelly Lee vs. National Default Servicing Corporation *et al.* and assigned case number A-21-828271-C (the "State Court Matter"). In their action, Debtors claimed that per the Order Disallowing Claim, Secured Creditor "do not have any interest in both the Note and Deed of Trust [and] have no right to enforce either." Therefore, Secured Creditor's claims were barred by the principle of claim preclusion.[31]

18. Movants filed a Motion for Summary Judgment on February 18, 2022, which the Court set to be heard on March 29, 2022, but later moved to March 30, 2022.

---

[27] ECF 130 in the Fourth Bankruptcy Case.

[28] A true and correct copy of the Notice of Default and Election to Sell Under Deed of Trust, recorded as instrument no. 20190523-0001458 in the Recorder's Office, Clark County, is attached hereto as **Exhibit H**.

[29] A true and correct copy of the Foreclosure Mediation Certificate, recorded as instrument no. 20210203-0003811 in the Recorder's Office, Clark County, is attached hereto as **Exhibit I**.

[30] A true and correct copy of the Notice of Trustee's Sale, recorded as instrument no. 20210205-0002561 in the Recorder's Office, Clark County, is attached hereto as **Exhibit J**.

[31] See **Exhibit K**, Amended Complaint in the State Court Matter at ¶92.

19.    On March 16, 2022, Debtors filed an adversary complaint against Movants and other defendants in this Court (the "Adversary Case") that sets forth the same claims regarding the Order Disallowing Claim in the State Court Matter.  The adversary case is pending as case number 22-01056-mkn.[32]

20.    On March 22, 2022, Debtors filed an Ex Parte Motion to Reopen this Fourth Bankruptcy Case, and an Order Reopening this Fourth Bankruptcy Case was entered on March 23, 2022. The Ex Parte Motion to Reopen only requested "Reopening of the bankruptcy case for the purpose of allowing Debtors to adjudicate the adversary complaint seeking declaratory relief…"[33]

21.    On March 29, 2022, Debtors filed an Emergency Motion to Stay Proceedings in the State Court Matter, alleging there may be a stay in place under 11 U.S.C. § 362, but stating "the Bankruptcy Court has exclusive jurisdiction to determine questions regarding the Automatic Stay, including whether the automatic stay applies to a proceeding pending before a state Court. [34]

22.    On March 30, 2022, the state court stayed all proceedings pending a further order from this Court.

## III.    ARGUMENT

**A. There is no stay in effect in this case, and even if there were, it would not affect the State Court Matter because it was brought by Debtors against Secured Creditor.**

Pursuant to 11 U.S.C. § 362(a), the automatic stay is instituted at the commencement of a bankruptcy case.  The stay terminates upon closure or dismissal of the case.[35]  As the United States Supreme Court stated in *City of Chicago v. Fulton*, "The automatic stay serves the debtor's interests by protecting the estate from dismemberment, and it also benefits creditors as a group by  preventing individual creditors from pursuing their own interests to the  detriment of the others."[36]  Thus, the automatic stay protects the status quo by prohibiting certain acts that affect the property of the estate.[37]

---

[32] ECF No. 1 in the Adversary Proceeding.
[33] ECF No. 137 in the Fourth Bankruptcy Case.
[34] See **Exhibit L**, Emergency Motion to Stay in the State Court Matter.
[35] *See* 11 U.S.C. §362(c)(2).
[36] 141 S. Ct. 585, 589 (2021)
[37] *Id.* at 590.

Here, Debtors have provided no legal authority for their contention that reopening the dismissed case reimposes the automatic stay.  Again, the stay terminated when the case was dismissed for Debtors' failure to comply with a court order, and said dismissal was never vacated.  Rather, Debtors just reopened this case to commence their bad faith adversary proceeding. This is very different from commencing an entirely new case, and none of the regular goals and purposes of the bankruptcy stay are served by reimposing a stay here, especially when Debtors have failed to provide any legal authority or explanation for why the stay should be reimposed – aside from trying to prevent Secured Creditor from defending itself in the State Court Action Debtors commenced.

Moreover, even if a stay were reimposed by simply reopening the case, it still would not limit the Debtors' (or, where one is appointed, a bankruptcy trustee's) ability to pursue claims by the debtors or on behalf of the estate.[38] Moreover, the Debtors are not stayed from bringing or continuing a lawsuit as plaintiffs.[39] As a result, the stay only applies to actions brought against the Debtors.[40]   As the Bankruptcy Appellate Panel for the Ninth Circuit pointed out, the automatic stay does not apply to "facially defensive actions such as moving for summary judgment or dismissal of a complaint filed by a debtor."[41]

In this instance, Secured Creditor is a defendant in the Debtors' State Court Matter. Secured Creditor has filed no counterclaims against Debtors, nor is it seeking to judicially foreclose on the Debtors in the State Court Matter.  It merely seeks summary judgment in a

---

[38] *See*, *Martin-Trigona v. Champion Fed. Say. & Loan Ass'n* (7th Cir. 1989) 892 F.2d 575, 577. *In re Berry Estates* (2nd Cir. 1987) 812 F.2d 67, 71; *Maritime Elec. Co., Inc. v. United Jersey Bank* (3rd Cir. 1992) 959 F.2d 1194, 1203-1205, 1208, fn. 14; *Carley Capital Group v. Fireman's Fund Insurance Company*, (D.C. Cir. 1989) 889 F.2d 1126, 1127.).

[39] *See*, *In re Merrick* (9th Cir. BAP 1994); *In re Mitchell* (Bankr. C.D. Cal. 1997) 206 B.R. 204, 212.

[40] *See*, *In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663-64 (9th Cir. BAP 2009) (holding automatic stay inapplicable to lawsuits initiated by the  debtor, and a defendant in an action brought by the debtor may defend itself in that action without violating the automatic stay); *Gordon v. Whitmore* (*In re Merrick*), 175 B.R. 333, 336-38 (9th Cir. BAP 1994) (stay is inapplicable to post-petition defensive action in a pre-petition suit brought by the debtor).

[41] *Censo, LLC v. Newrez, LLC et al.* (*In Re Censo*), Case No. NV-21-1125-LTF, Opinion at *11 (9th Cir. BAP April 5, 2022).

manner the BAP has stated is clearly permissible.  Thus, even if there is a general stay, this Court should still enter an order finding that the automatic stay is not applicable to the State Court Matter so that Secured Creditor may proceed with its Motion for Summary Judgment.

**B.  Assuming arguendo that a stay exists affecting the State Court Action, cause exists to terminate said stay because the disallowance of the proof of claim does not bar Secured Creditor from foreclosing, and the Adversary Proceeding was filed in Bad Faith**

In both the State Court Matter and Adversary Proceeding, Debtors  argue that the Order Disallowing Claim forever bars BONY Mellon from having standing to foreclose.  In a bankruptcy action, a proof of claim is evidence that a creditor holds a debt against the Debtor.[42] In this instance, Debtors  objected to BONY Mellon Trust's Proof of Claim in the Third Bankruptcy because of alleged defects in First Allonge and the assignment of the Deed of Trust. After an evidentiary hearing, the bankruptcy court entered the Order Disallowing Claim.

In both their adversary proceeding and the State Court Action, Debtors misstate the effect of a disallowed claim in bankruptcy by equivocating a disallowed claim with stripping the lien from title. That is not the case: the disallowance of the claim in a Chapter 13 action only has the effect of binding the creditor to the confirmed plan and receiving a distribution in accordance with the plan.[43] Moreover, the security interest remains until an  affirmative avoidance is sought and ordered by the Court.[44] Debtors  never sought to strip the mortgage lien in the  Third Bankruptcy.[45] At best, the claim was disallowed, and BONY Mellon Trust was bound to the terms of any confirmed Chapter 13 Plan. But no such confirmed plan was ever entered in the Third  Bankruptcy.  Even in that scenario, the lien still survives the bankruptcy, it is simply

---

[42] *See generally* 11 U.S.C. § 500 *et seq.*

[43] *See*, *In re Hogan*, 346 B.R. 715, 723 (Bankr. N.D. Tex. 2006) ("In summary, the secured creditors here may have lost the battle (by being foreclosed from receiving distributions under the confirmed Chapter 13 plans), but the Debtors and unsecured creditors may ultimately lose the war, since a secured creditor retains its lien, notwithstanding failure to file a proof of claim and omission from treatment under a confirmed plan.").

[44] *See*, *Bishop v. Conley* (*In re Conley*), Nos. 98-30339, 98-6363, 2001 Bankr. LEXIS 2216, at *22 (Bankr. D. Idaho July 3, 2001) ("Therefore, while disallowance of Plaintiffs' claim eliminates a right to distribution, the underlying security interest remains valid until affirmative avoidance is sought and obtained.").

subject to the plan.

However, more importantly, the above scenario is inapplicable because the bankruptcy court dismissed the Third Bankruptcy on January 9, 2013, pursuant to the Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 109(h). Dismissal of the Third Bankruptcy nullifies the effects of any orders entered in the case and reinstates the parties to the position they were prior to the filing of the bankruptcy petition; it is as if the bankruptcy never happened.[46] If there is claim preclusion, Debtors, have, at best, an order a disallowing claim from a Chapter 13 bankruptcy that is useless because there was no confirmed plan to which it could attach..[47]

Importantly, Debtors have no order regarding the Amended Proof of Claim, which became the operative Proof of Claim upon filing.[48]  Debtors will argue that this Court did not allow for an Amended Proof of Claim, but one was filed, and the Court never determined whether it was proper.  And the Court specifically stated that the Order Disallowing Claim "is not a disposition on the merits."  This means that the Court did not believe the lien to be facially invalid—only that BONY Mellon did not establish standing based on the documents presented in

[45] *See* **Exhibit L**, Docket of the 2011 Bankruptcy.

[46] *See*, 11 U.S.C. § 349(b); *also*, *inter alia*, *In re Elms*, 603 B.R. 11, 16 (Bankr. S.D. Ohio 2019) ("The effect of dismissal of a case generally is to unwind all that occurred during the case and to return the parties to their status as of the time the case was filed. It is hornbook law that § 349, describing the effect of dismissal of a bankruptcy case, seeks, "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case."") (internal citations *omitted*); *In re Buchanan*, No. DG 14-06089, 2019 Bankr. LEXIS 745, at *5 (Bankr. W.D. Mich. Mar. 7, 2019) ("Third, as the court noted during the hearing, the Bankruptcy Code and the Supreme Court require bankruptcy stakeholders "to basically unwind the entire case as if it never happened."")(internal citations *omitted*).

[47] It is important to note that Secured Creditor is seeking non-judicial foreclosure of the Property.  Claim preclusion does not apply to non-judicial foreclosure proceedings because it is not a successive litigation.  *See*, *Clark v. LSF9 Master Participation Tr.*, No. 6:20-cv-295-MC, 2022 U.S. Dist. LEXIS 57774, at *5 (D. Or. Mar. 28, 2022) ("Additionally, as noted by Defendant, claim and issue preclusion apply only to "successive litigation." . . . A nonjudicial foreclosure, however, by definition is not "successive litigation.") (internal citations *omitted*).

[48] *See*, *In re Richter*, 481 B.R. 680, 683 (Bankr. D. Colo. 2012) ("However, with respect to the amendment to Portfolio Recovery's original Proof of Claim No. 9-1, the Court concluded as a matter of law "Proof of Claim No. 9-1 was amendable, and Amended Proof of Claim 9-2 relates back to the date of filing of the original proof of claim. Based on this determination, Amended Proof of Claim 9-2 is the operative proof of claim at issue for Portfolio Recovery.").

the Proof of Claim.  For that reason also, the Order Disallowing Claim did not forever bar enforcement of the Note and Deed of Trust.

**C. The current instruments that Secured Creditor holds provide evidence of standing.**

To the extent it is necessary to show that BONY Mellon Trust has standing to obtain stay relief  in this reopened bankruptcy, Secured Creditor will now show how each of the bases this Court provided in its Order Disallowing Claim is no longer applicable.  Specifically, this Court held that Secured Creditor could not establish standing because: (1) the proof of claim did not include the first allonge; (2) the first allonge was not stapled to the Note; 3) the allonge is improper as there was no evidence of Countrywide's relationship to the Loan because it is not mentioned in the loan documents; and (4) the Court had evidence of interest of MERS's interest in the Loan.

First, the Amended Proof of Claim that BONY Mellon filed did include the allonge.  This is a procedural argument that was easily addressed by the Amended Proof of Claim, which included the Second Allonge.  However, this Court never adjudicated the amendment because the bankruptcy was dismissed.  The Second Allonge is also being presented in this Motion.

Second, the Second Allonge is indeed affixed to the current note.  NRS 104.3204(1) defines an endorsement and states in pertinent part:

> [R]egardless of the intent of the signer, a signature and its accompanying words are an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

In this instance, we have a Note that in the State Court Matter Mr. Lee admits he signed.[49] The original note bearer was Sterling National.[50]  Here, BONY Mellon Trust possesses an endorsement in blank from Sterling National that Carrington, the loan servicer, confirms is

---

[49] *See* **Exhibit M**, Partial Transc. from Evidentiary Hearing (first half) held in the State Corut Matter on September 7, 2021 at 77:10-78:16.
[50] *See* Exhibit A, *supra.*

affixed to the Note.[51]   As the Nevada Supreme Court indicated in *Edelstein v. Bank of N.Y. Mellon*, "If the note is payable to bearer, that 'indicates that the person in possession of the promise or order is entitled to payment.'"[52] "This means that to be entitled to enforce the note, the note holder would merely have to possess the note."[53]

Third, the Second Allonge is endorsed in blank from Sterling.  It contains no mention of Countrywide.  In the Order Disallowing Claim, this Court found it problematic that Countrywide did not provide evidence of its interest in the loan.  By removing Countrywide from the allonge, this issue is resolved.

Fourth, the Court does not require evidence of MERS's standing to assign the deed of trust.  In *Jones v. United States Bank Nat'l As'n*, the Nevada Supreme Court held that "[t]her original deed of trust beneficiary's assignment of the deed of trust absent any indication that the deed of trust was being transferred split from the note supports the inference that the note had not been previously transferred or seized and that MERS was exercising its authority to transfer the note with the deed of trust."[54]  Here, Plaintiff James Lee admitted he signed the Deed of Trust.[55]  BONY Mellon Trust is the assigned beneficiary from MERS of the Deed of Trust.  Pursuant to *Jones*, this Court is to infer that this transfer was valid.

Because the Amended Proof of Claim addressed each of the issues presented in the Order Disallowing Claim, this Court should find, to the extent it is needed, that Secured Creditor has

---

[51] *See* **Exhibit N**, Partial Transc. from Evidentiary Hearing (second half) held on September 7, 2021 at 19:20-21.

[52] 128 Nev. at 523, 286 P.3d at 261, (*citing to* "*Leyva*, 127 Nev. at 478, 255 P.3d at 1280 (quoting NRS 104.3109(1)(a)); see also NRS 104.3205(2) (explaining that an instrument endorsed in blank is payable to bearer and "may be negotiated by transfer of possession alone"); NRS 104.3201(2) ("If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.""")).

[53] *Id.* (*citing to* "Cf. *Leyva*, 127 Nev. at 478, 255 P.3d at 1280 (discussing the process to be entitled to enforce order paper)").

[54] 136 Nev. Adv. Op. 16, 460 P.3d 958, 962 (2020).  Moreover, Debtors lack standing to challenge the validity of the assignment because they are a third-party to the assignment.  *See*, *Wood v. German*, Nev. 553, 555-556, 331 P.3d 859, 860-861 (2014) ("the homeowner, who is neither a party to the [pooling and servicing agreement] nor an intended third-party beneficiary, lacks standing to challenge the validity of the loan assignment.").

standing in the bankruptcy to obtain stay relief, if necessary.

## IV.   CONCLUSION

WHEREFORE, Secured Creditor respectfully prays for an order of this Court as follows:

1. Confirming there is no automatic stay in effect as a result of Debtors reopening the dismissed case;

2. Confirming there is no stay in effect preventing Secured Creditor from proceeding with its Motion for Summary Judgment in the State Court Action;

3. In the alternative, terminating the automatic stay of 11 United States Code § 362 for cause, so that Secured Creditor can proceed with defending itself in Debtors' State Court Action

4. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

5. That the requirements of Local Bankruptcy Rule 9021 be waived; and

6. That the order be binding in any and all chapters following any subsequent conversion of this case under a different chapter of Title 11 of the United States Code, unless a specific exception has been provided herein; and

7. For such other and further relief as the court deems just and proper.

DATED this 8th day of April, 2022.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Ramir M. Hernandez, Esq.*
Ramir M. Hernandez, Esq.
Nevada Bar No. 13146
7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117
*Attorney for Secured Creditor, The Bank of New York Mellon, FKA the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2004-13 and its servicer, Carrington Mortgage Services, LLC*

---

[55] *See* **Exhibit M**, Partial Transc. from Evidentiary Hearing (first half) held in the State Corut Matter on September 7, 2021, *supra*, at 80:7-25.