_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
September 30, 2022
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JAMES J. LEE and KELLY LEE,<br><br>            Debtor(s). | Case No.: 13-11850-gs<br><br>Chapter 13<br><br><u>Hearing Date</u><br>DATE:  June 15, 2022<br>TIME:   9:30 a.m. |

**MEMORANDUM DECISION ON MOTION RE: AUTOMATIC STAY**

    Notwithstanding the broad briefing submitted by both parties, the relief requested in the underlying motion is of limited scope. Defendants the Bank of New York Mellon, fka the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-backed Certificates, Series 2004-13 and Carrington Mortgage Services LLC (together, BONY) seek an order confirming that no automatic stay is in effect in the above-captioned bankruptcy case or, alternatively, an order lifting the automatic stay to allow the debtors' state court litigation to proceed (ECF No. 141) (Stay Motion). Debtors James and Kelly Lee have opposed BONY's motion, arguing that equitable reasons exist for staying BONY's efforts to foreclose on their real property. For the reasons stated, the court will grant BONY's motion seeking an order confirming no stay is in effect as to the Lees' state court proceeding.

**Facts**

James Lee executed a promissory note in favor of Sterling National Mortgage, Inc. (Sterling) in the amount of $435,000.00 on November 15, 2004. To secure the debt, he and his wife also executed a deed of trust against their residence at 8621 Mirada Del Sol Drive in Las Vegas, Nevada. The deed of trust designated Mortgage Electronic Registration Systems, Inc (MERS), serving as Sterling's nominee, as the beneficiary.

### A.    The First Bankruptcy Case – Case No. 08-18160-lbr

The Lees filed for bankruptcy under chapter 13 on July 24, 2008. Countrywide Home Loans, Inc. filed a proof of claim acting as servicing agent for BONY. Neither the proof of claim, nor the subsequent motion for relief from stay, included an endorsement of the note or the deed of trust from Sterling. The court dismissed the case roughly a year later for failing to make plan payments. *See* Case No. 08-18160, ECF No. 88.

### B.    The Second Bankruptcy Case, Case No. 09-28899-bam, where the Lees received a chapter 7 discharge.

A short time after dismissal of their first bankruptcy case, on October 7, 2009, the Lees filed their second chapter 13 case. The case was converted to chapter 7 several months later.

During the chapter 7 proceedings MERS assigned its interests under the deed of trust to the Bank of New York Mellon fka the Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-backed Certificates, Series 2004-13 (BONY Mellon Trust).

The Lees received a discharge in their chapter 7 case on September 16, 2010. *See* Case No. 09-28899-bam, ECF No. 105.

### C.    The Third Bankruptcy Case, Case No. 11-18772-bam, and the objection to BONY's proof of claim.

The Lees filed another chapter 13 petition on June 3, 2011. BONY filed a proof of claim in the bankruptcy and attached a copy of the promissory note without endorsement. The proof of claim did include a copy of the deed of trust and the assignment of the deed of trust from MERS to BONY.

The Lees objected to BONY's proof of claim for lack of evidence that it was entitled to enforce the note.  In response, BONY produced an allonge to the Note endorsed by Sterling to Countrywide Home Loans, Inc., which was endorsed in blank by Countrywide.  *See* Case No. 11-18772, ECF No. 81-2.  The parties have referred to this as the First Allonge.

On June 18, 2012, the bankruptcy court conducted an evidentiary hearing on the claim objection.  The court considered the note and the proposed allonge.  It concluded "that the creditor has not established standing." Adv. Proc. No. 22-01056, Adv. ECF No. 19, Ex. G at p. 86:13-18.  Specifically, the court, having examined the original note, found that there was no physical indicia that the allonge had ever been affixed to the note, such as perforations, indentation, or staple holes.  *Id.* at p. 87:6-9, 18-20.  Based on this, the court found that "this endorsement was never attached in the manner anticipated by 3204 of the Nevada Revised Statute." *Id.* at p. 87:18-20.  The court further held that BONY had failed to establish any transfer or assignment of the note to give it standing to enforce the note.  The court entered an order disallowing BONY's claim based on the findings of fact and the conclusions of law stated on the record.

BONY did not appeal the court's disallowance of its claim.  Rather, it filed an amended claim and attached a different document in support of its claim which the parties refer to as the Second Allonge.  This document omits any reference to Countrywide.  Rather, it is endorsed in blank by Sterling.

The Lees did not object to the amended proof of claim.  On January 9, 2013, the court dismissed the 2011 chapter 13 case without prejudice in response to the chapter 13 trustee's motion, based on the debtors' failure to file a certificate of credit counseling.

D.  **The Fourth Bankruptcy Case, Case No. 13-11850-gs.**

Roughly two months later, the Lees filed their fourth bankruptcy - another chapter 13 case.  The Lees' motion to extend the automatic stay under 11 U.S.C. § 362(c)(3)(B) was granted.  Case No. 13-11850, ECF No. 28.  BONY again filed a proof of claim. It attached to its

3

proof of claim the First Allonge containing the Countrywide endorsements. The docket reflects that the Lees never objected to BONY's proof of claim.

Despite being in chapter 13 for five years, the Lees never confirmed a plan. Ultimately, they filed a voluntary motion to dismiss their bankruptcy. The docket reflects that the chapter 13 trustee separately sought dismissal when the debtors failed to dismiss the case after filing their notice. The court dismissed the case on the trustee's motion on May 23, 2018.

### E.   The Lees reopen the Fourth Bankruptcy Case and file lawsuits.

On January 22, 2021, the Lees filed an action in the Eighth Judicial District of Nevada seeking to enjoin BONY from foreclosing on the deed of trust. On February 5, 2021, a Notice of Trustee's Sale was recorded that scheduled the foreclosure sale for March 9, 2021. After BONY filed a motion for summary judgment, on March 16, 2022, the Lees commenced adversary proceeding no. 22-01056-gs, seeking a ruling that BONY cannot enforce the note and deed of trust in light of the order disallowing its proof of claim in the Third Bankruptcy Case. The Lees then reopened the Fourth Bankruptcy Case on March 23, 2022. The state court stayed its proceedings at the Lees' request on March 30, 2022, pending further order from this court.

On April 8, 2022, BONY filed the Stay Motion. BONY argues that the automatic stay was not reinstated upon the Lees' reopening of the Fourth Bankruptcy Case nearly four years after it was dismissed. Even if it was, BONY cites case law from the Ninth Circuit Bankruptcy Appellate Panel holding that the automatic stay does not bar a defendant's actions in non-bankruptcy litigation brought by the debtor. Alternatively, BONY contends cause exists to lift the automatic stay because the disallowance of its proof of claim in the Third Bankruptcy Case does not act as a bar to its remedies under the loan documents. BONY also states that it has standing to bring the Stay Relief Motion based on an allonge obtained from Sterling after the Fourth Bankruptcy Case was dismissed.

In their response filed on April 27, 2022 (ECF No. 145) (Response), the Lees plainly state they "are not asserting they are entitled to the reinstatement of the automatic stay under 11 U.S.C. § 362." Response, ECF No. 145, p. 1:24-25. Somewhat confusingly, they then go on to

4

assert that the automatic stay was reinstated when their Fourth Bankruptcy Case was reopened, citing *Sewell v. MGF Funding, Inc. (In re Sewell)*, 345 B.R. 174, 179 (B.A.P. 9th Cir. 2006). In addition to repeating the arguments made in their Motion for Injunctive Relief filed in the related adversary proceeding (Adv. Proc. No. 22-01056-gs, Adv. ECF No. 12), the Lees also contend that BONY's arguments regarding its standing constitute an impermissible horizontal appeal of the order disallowing BONY's proof of claim entered in the Third Bankruptcy Case.

BONY narrowed its position in its reply brief filed on May 4, 2022 (ECF No. 146), arguing that the automatic stay does not apply to actions brought by a debtor per *Censo, LLC v. Newrez, LLC et al. (In re Censo),* 638 B.R. 416 (B.A.P. 9th Cir. 2022).

The Fourth Bankruptcy Case and related adversary proceeding were assigned to the undersigned on May 18, 2022. On June 15, 2022, the court heard the argument of the parties on the Stay Relief Motion as well as three motions in the adversary, and at the conclusion of the hearing took all motions under advisement.

## **Analysis**

The parties have presented arguments that stray beyond the scope of the Stay Motion. BONY seeks an order confirming that the automatic stay, to the extent it was reinstated by the reopening of the Fourth Bankruptcy Case, is inapplicable to the state court litigation filed by the Lees. To be clear, the Lees have not sought to reinstate their dismissed chapter 13 bankruptcy. They are not proposing to go forward with any reorganization or plan process. Rather, they have *reopened* their Fourth Bankruptcy Case to argue the effect of an order entered in their Third Bankruptcy over a decade ago.

The Lees contend that the automatic stay *was* reinstated upon the reopening of their case. They argue that the automatic stay sprung back into effect when the Lees reopened the Fourth Bankruptcy Case. *See Sewell,* 345 B.R. at 179 ("Dismissal of a bankruptcy case generally terminates the automatic stay… Reinstatement of a case restores the automatic stay.") [internal citations omitted]. However, the Lees did not seek to vacate the dismissal order. The Fourth Bankruptcy was properly dismissed, and the stay terminated by operation of law. 11 U.S.C.

5

362(c). The Lees' motion, and the reason they reopened the bankruptcy, was to seek interpretation of a prior court order. Courts have ancillary jurisdiction to construe their orders. *See In re GTI Cap. Holdings, L.L.C.*, 399 B.R. 247, 253–54 (Bankr. D. Ariz. 2008) (quoting *In re Chateaugay Corp.,* 201 B.R. 48, 62 (Bankr.S.D.N.Y.1996), *aff'd* 213 B.R. 633 (S.D.N.Y.1997)) ("'[B]ankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant in 28 U.S.C. § 1334.'"). But this did not "reinstate" a chapter 13 bankruptcy that is now a decade old. The automatic stay did not arise anew when the Lees reopened the bankruptcy case. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 2006 WL 2136722, at *1 (W.D. Wash. July 28, 2006) (citing *In re Menk*, 241 B.R. 896, 914 (B.A.P. 9th Cir. 1999)) ("The weight of authority further supports the conclusion that re-opening of the bankruptcy proceedings does not reinstate an automatic stay."); *In re Suissa*, 2019 WL 11717119, at *4 (Bankr. C.D. Cal. July 2, 2019) (citing cases); *In re Leeds*, 589 B.R. 186, 194 (Bankr. D. Nev. 2018) ("In the instant case, the Reopening Order obtained under Section 350 did not reimpose the automatic stay….").

Even if the stay arose, it does not apply to the state court action commenced by the Lees. *See Censo*, 638 B.R. at 424 (citing *Lehman Commercial Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC)*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2009), *aff'd*, 654 F.3d 868 (9th Cir. 2011) ("[T]he automatic stay has been found inapplicable to lawsuits initiated by the debtor.")). Accordingly, the reopening of the Fourth Bankruptcy Case does not operate to stay the state court litigation.

As for BONY's standing to bring the Stay Motion, any party in interest may file a motion for relief from the automatic stay. *See* 11 U.S.C. § 362(d). BONY has attached to its Stay Motion the Second Allonge, the deed of trust and the MERS assignment. As outlined above, the Lees have never challenged the validity of the Second Allonge, nor have they challenged the assignment of the deed of trust. Their argument that the order disallowing BONY's proof of claim in the Third Bankruptcy Case now acts to bar BONY from pursuing foreclosure is

6

unsupported by case law or the record. As stated by the undersigned in the Memorandum Decision on Motion to Dismiss and Motion for Order to Show Cause re: Contempt:

> Nothing in the court's order, entered in a dismissed bankruptcy case, precluded BONY from acquiring a proper allonge necessary to give it standing to enforce the note in the future. The deed of trust has previously been assigned to BONY. Having unified both its interest in the note and the deed of trust securing that obligation, BONY would be entitled to enforce any default on the note through foreclosure of its secured interest.

Adv. Proc. No. 22-01056-gs, Adv. ECF No. 50, p. 9. BONY has presented adequate evidence in this case to demonstrate it is a party in interest with standing to bring the Stay Motion, and the Lees have not challenged that evidence. *See* ECF Nos. 141-1, 141-2 and 141-3.

Finally, the Lees have cited no authority countering *Censo* and its supporting Ninth Circuit case law. Their stated concern regarding conflicting rulings is no longer relevant. This court has entered its decisions in the related adversary proceeding. *See* Adv. Proc. No. 22-01056-gs, Adv. ECF Nos. 49-51. Rather, the Lees are requesting injunctive relief in the Response, which requires an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(7). Concurrently herewith, the court will enter its order denying that relief.

## Conclusion

The automatic stay in the Lees' reopened Fourth Bankruptcy Case has no effect on the post-dismissal state court litigation they commenced against BONY. For the reasons stated above, the court will enter an order granting BONY's Stay Motion.

IT IS SO ORDERED.

\* \* \* \* \*

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

# # #